# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHANNA CRUZ, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-cv-2515 |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
|     Defendant. | : | |

## MEMORANDUM OPINION

**RICHARD A. LLORET**                                          **November 12, 2019**
**U.S. MAGISTRATE JUDGE**

Johanna Cruz was denied Social Security benefits by the decision of an Administrative Law Judge ("ALJ"). Ms. Cruz contends that the ALJ's unfavorable decision was reached in error. Doc. No. 2 (Complaint). Before I can reach the merits of Ms. Cruz's claims, however, I must decide whether this action should be dismissed for her failure to pay the administrative and filing fee.

## PROCEDURAL HISTORY

On June 10, 2019, Ms. Cruz initiated this action and filed a motion for leave to proceed *in forma pauperis*. Doc. No. 1. I denied her *in forma pauperis* motion, finding her financial status, as represented in her application, enabled her to pay the filing fee.[1] Doc. No. 7. I instructed Ms. Cruz that in order to proceed with this case, she must pay the $400 administrative and filing fee within thirty days. *See id.* This meant she had until July 22, 2019 to pay the fee. Having been informed that she had not yet paid the

---

[1] The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c), including entry of final judgment. *See* Doc. No. 3 (Notice of Commissioner's General Consent); Doc. No. 6 (Ms. Cruz's Consent Form).

fee as of July 23, 2019, *see* Doc. No. 8, I granted Ms. Cruz an additional twenty-one days to meet this requirement, *see* Doc. No. 9. I specifically warned her that if she failed to pay, her case may be dismissed for failure to prosecute. *Id.* On September 23, 2019, Ms. Cruz's counsel informed me that Ms. Cruz "does not wish to pay the filing fee." Doc. No. 10. I then directed counsel to explain why this matter should not be dismissed for failure to prosecute. Doc. No. 11. On November 4, 2019, counsel complied and filed a responsive brief. *See* Doc. No. 12.

For the reasons discussed below, I conclude that Ms. Cruz's action should be dismissed.

## **DISCUSSION**

A district court may dismiss an action if a plaintiff fails to prosecute the case or comply with a court order. *See* Fed. R. Civ. P. 41(b); *Allen v. American Fed. of Gov't Employees*, 317 F. App'x 180, 181 (3d Cir. 2009) (not precedential) (citing to *Spain v. Gallegos*, 26 F.3d 439, 454 (3d Cir. 1994)) ("A court may dismiss a case with prejudice for want of prosecution under Fed. R. Civ. P. 41(b) in order to achieve the orderly and expeditious disposition of cases . . . ."). However, before doing so, the district court generally must evaluate the factors identified in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). *See, e.g., Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 131–32 (3d Cir. 2019); *Spain*, 26 F.3d at 455–56; *Rawls v. Gibbs*, 741 F. App'x 108, 109 (3d Cir. 2018) (not precedential); *Shelley v. Patrick*, 361 F. App'x 299, 301 n.5 (3d Cir. 2010) (not precedential). These factors include (1) the extent of the plaintiff's responsibility; (2) the prejudice to the defendant; (3) whether the plaintiff has a history of improper delay; (4) whether the plaintiff's failure to file was willful or in bad faith; and (6) whether the plaintiff's claims are meritorious. *Poulis*, 747 F.2d at 868.

None of these factors alone are dispositive, and they do not all "need to be satisfied to justify dismissal of a complaint for lack of prosecution." *Hildebrand*, 923 F.3d at 132. But because dismissal is a severe consequence, it should be "a sanction of last, not first, resort," and any doubts should be "resolved in favor of reaching a decision on the merits." *Id.* (quoting *Poulis*, 747 F.2d at 867, 869, then *Adams v. Trs. Of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 879 (3d Cir. 1994)). After careful review, I find that the *Poulis* factors weigh in favor of dismissing this action.

### A. Extent of plaintiff's responsibility.

First, Ms. Cruz contends that she is "without sufficient means to pay the required filing fee," suggesting that her responsibility is limited. Doc. No. 12, at 2–3.[2] I disagree. When considering her motion to proceed *in forma pauperis*, I determined that Ms. Cruz *was* able to pay the filing fee in this case. Notably, Ms. Cruz represented in her application to proceed *in forma pauperis* that she owned three cars, including a 2016 BMW 325, and a house valued at $120,000. Accordingly, I find that Ms. Cruz is responsible for not paying the filing fee here and that this factor strongly weighs in favor of dismissal.

### B. Prejudice to the defendant.

With regard to the second factor, Ms. Cruz argues that the Commissioner has not yet been prejudiced, as the summons have not issued and he has not been joined as a party. Doc. No. 12, at 3. I agree, and this factor does not weigh in favor of dismissal. *See, e.g.*, *Johnson v. Nutter*, No. 15-423, 2016 WL 7217642, at *2 (E.D. Pa. Dec. 12, 2016); *Nieves v. Capozza*, No. 18-1402, 2019 WL 5328819, at *2–3 (W.D. Pa. Sept. 24, 2019).

---

[2] Because Ms. Cruz's brief does not contain internal page numbers, I have cited to the ECF-generated pagination throughout this memorandum opinion.

However, it should be noted that "continued inaction frustrates and delays resolution of this action' by preventing the defendants from receiving notice of this lawsuit and seeking a timely resolution of [the] claims." *Bowie v. Perry*, No. 19-13, 2019 WL 2412488, at *2 (W.D. Pa. May 13, 2019).

### C. History of improper delay.

Next, Ms. Cruz suggests that she does not have a history of improper delay in this case, pointing to the fact that she has "twice advised the court that she is unable to pay the filing fee," has not sought an extension, and remains unable to pay. Doc. No. 12, at 3–4. A history of improper delay is "generally established by repeated 'delay or delinquency." *Nieves*, 2019 WL 5328819, at *3 (quoting *Adams*, 29 F.3d at 874). While I agree that Ms. Cruz does not have a history of improper delay in this matter, she has informed this court that she "does not wish to pay the filing fee," which indicates that she does not want to proceed further with this action.

### D. Plaintiff's willfulness or bad faith.

For the fourth *Poulis* factor, I must consider Ms. Cruz's willfulness or bad faith. She contends that because she is unable to pay the fee, her actions are not in bad faith. Doc. No. 12, at 4. I agree that Ms. Cruz's actions are not in bad faith. However, I find that her failure to pay the filing fee is willful: I have found that she is able, but she simply does not "wish" to pay. Accordingly, this factor weighs in favor of dismissal.

### E. Alternative sanctions.

Ms. Cruz acknowledges that at this time, there are "no other less drastic remedies available than those already considered by the court." Doc. No. 12, at 4. I agree: I have already twice extended the time for Ms. Cruz to pay the fee, to no avail. Considering she

has refused to pay the initial fee, increased monetary sanctions would likely be similarly ineffective. Therefore, this factor also weighs in favor of dismissal.

### F. Merits of the plaintiff's claims.

Finally, Ms. Cruz argues that her underlying claim is meritorious. Doc. No. 12, at 4–5. However, I cannot consider the merits of her claim, as her *in forma pauperis* motion was denied and therefore her complaint has not yet been filed. *See Johnson*, 2016 WL 7217642, at *3 ("Because the court has not yet granted IFP, the complaint has not been filed and the merits of the complaint should not be considered.").

For these reasons, I conclude that the *Poulis* factors weigh in favor of dismissing this action for a failure to prosecute

## CONCLUSION

Based upon the discussion above, this action is dismissed for a failure to pay the filing fee.

**BY THE COURT:**

*s/Richard A. Lloret*
**RICHARD A. LLORET**
**U.S. Magistrate Judge**